UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-CV-395-JD-RBC |
| | ) | |
| JULIE CHAU, | ) | |
| CHARLES COATS, | ) | |
| JOSEPH FORTIN, | ) | |
| ROGER THOMAS, | ) | |
| KEVIN COLDURUS, and | ) | |
| DAVID ROTH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 16, 2011, Christopher Washington filed a *pro se* complaint against various defendants [DE 1] and an application for leave to proceed *in forma pauperis* ("IFP"). [DE 2]. On December 30, 2011, Washington filed a "motion for case status" inquiring as to the court's decision on this matter. [DE 3]. The court now disposes of Washington's filings collectively, and this lawsuit is dismissed.

**BACKGROUND**

Washington's *pro se* complaint names six defendants: (1) Dr. Julie Chau; (2) Dr. Charles Coats; (3) Dr. Joseph Fortin; (4) Dr. Kevin Coldurus; (5) Dr. David Roth; and (6) Dr. Roger Thomas. Although the form complaint Washington filled out and submitted to the court is intended for use in suits under 42 U.S.C. § 1983, his claims against each defendant seem to encompass more. [DE 1].

1

Against Chau, Washington alleges that on or around September 17, 2011, he was wrongfully discharged;[1] neglected; discriminated against on the basis of his race, sex, and religion; subjected to either negligent or intentional infliction of emotional distress; and harmed by a breach of contract. Despite the preceding allegations, Washington explains that he was discharged as a patient by Dr. Chau "because of a positive urine test for alcohol."

Against Coats, Washington alleges that on or around September 19, 2011, he was wrongfully discharged by Coats "because of trying to locate a new pain doctor after being told that it was [his] job to do so by Dr. Coats."

Against Fortin, Washington alleges that on or around May 6, 2011, he was wrongfully discharged by Fortin "because [he] obtain[ed] a marijuana charge that he had to afterwards [*sic*] serve jail time for it."

Against Coldurus, Washington alleges that on or around May 7, 2011, he was wrongfully discharged by Coldurus "because of an [sic] positive urine test for marijuana and a slight trace of the medicine that [he] was proscribed by Dr. Coldurus," after Washington had purportedly signed an agreement that he was certified to use medical marijuana to treat his pain (a practice which is not recognized under Indiana or Federal law).

Against Roth, Washington alleges that on or around May 19, 2011, he was wrongfully discharged by Roth "because of a positive urine test for marijuana." Washington also complains that Roth breached a contract with him.

Against Thomas, Washington alleges that on or around November 30, 2009, he was wrongfully discharged by Thomas "because [he] had requested [his] medicine to be changed[.]"

---

[1]The court notes that context indicates Washington is not complaining about wrongful discharge from *employment* with these doctors. He is complaining about being terminated as a *patient*.

2

In conclusion, Washington requests $3 million in money damages from each defendant.

## DISCUSSION

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Under the *in forma pauperis* statute, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quotation marks and internal citations omitted). Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

No reading of Washington's complaint satisfies the *Iqbal* standard. Washington filed his lawsuit on a form for complaints under 42 U.S.C. § 1983. But to recover under § 1983, Washington must establish that he was deprived of a right secured by the Constitution or laws of the United States by a person acting "under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). His complaint is levied against six apparently private physicians, and he has not even alleged, let alone alleged plausibly, that any of the six were acting under color of state law. The complaint fails to state a claim under 42 U.S.C. § 1983, as it purports to do.

Furthermore, the complaint does not sufficiently plead any other cause of action. The bulk

of the complaint is made up of the "wrongful discharge" claims against each of the six physicians. With respect to the last five physicians – Coats, Fortin, Coldurus, Roth, and Thomas – Washington alleges wrongful discharge without so much as a hint of any impermissible motive, and then proceeds to explain that he was discharged as a patient because of a perfectly legitimate reason, such as a failed drug test or incarceration. That is no plausible basis for a lawsuit. With respect to Chau, Washington does at least *allege* a discriminatory motive for the termination of the physician-patient relationship, but this is a "mere conclusory statement" insufficient to carry the plaintiff's burden of plausibly showing that he is entitled to relief. *See Iqbal*, 129 S.Ct. at 1949. Similarly, the remainder of Washington's claims – breach of contract, negligence, the emotional distress torts, etc. – appear as little more than unsupported keywords, not even rising to the level of "threadbare recitals of a cause of action's elements," which still would not be enough. Finally, these last few are state law claims. Without some federal question "hook," and in the absence of diversity of citizenship, they could not state a claim upon which relief could be granted in *this* court even if they *were* plausibly pleaded.

Simply put, accepting only the well-pleaded factual allegations in the complaint as true, the court is left with a lawsuit filed against a series of doctors who discharged Washington as a patient because he failed drug tests or otherwise failed to follow his physicians' directives, and for no other reason. That is not a claim upon which relief can be granted. The suit and all pending filings must be dismissed.

## CONCLUSION

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* [DE 2] and **DISMISSES** this cause of action pursuant to 28 U.S.C. §

4

1915(e)(2)(B)(ii) without prejudice. As a result, Washington's "motion for case status" [DE 3] is also **DISMISSED** as moot. The clerk is instructed to terminate this case.

SO ORDERED.

ENTERED:  February 8, 2012

_____ /s/ JON E. DEGUILIO _____
Judge
United States District Court